RUBY D. LAMM v. BISSETTE REALTY, INC., AND DANIEL P. WETHER-
INGTON AND JUDY A. WETHERINGTON

No. 887SC961

(Filed 6 June 1989)

**Negligence § 57.4— invitee—fall on stairs—violation of building code
—negligence per se—proximate cause and contributory negli-
gence—questions of material fact**

In an action to recover for injuries received when plaintiff
invitee slipped and fell while stepping from the last step of
the stairway leading from defendants' office building, the evi-
dence on motion for summary judgment showed that defend-
ants were negligent per se because the stairway to their building
violated the State Building Code in that it did not have a
handrail on one side and the risers were not of uniform height.
However, genuine issues of material fact were presented as
to whether defendants' negligence was a proximate cause of
plaintiff's injuries and whether plaintiff was contributorily
negligent.

Judge LEWIS dissenting.

APPEAL by plaintiff from *Watts, Judge.* Order entered 14 June
1988 in Superior Court, WILSON County. Heard in the Court of
Appeals 23 March 1989.

On 3 February 1987 plaintiff entered an office building owned
by defendants Daniel and Judy Wetherington and managed by
defendant Bissette Realty, Inc. As plaintiff exited the building she
slipped and fell while stepping off of the bottom step of the building's
porch.

The porch has two steps and three "risers" from the ground
level to the top of the porch. The first riser from the ground
to the first step is seven and one-half inches high, and the other
two risers are six and one-half inches high. There are no handrails
on either side of the steps and porch.

When the building was constructed the first riser was approx-
imately eleven and one-half inches high, so an asphalt ramp was
built to make the first riser approximately the same height as
the other two.

Plaintiff suffered a trimalleolar fracture of the right ankle because of her fall. She instituted this action to recover for personal injuries allegedly caused by defendants' negligence. Defendants moved for summary judgment which was granted. Plaintiff appeals.

*Mast, Morris, Schulz & Mast, by Bradley N. Schulz and George B. Mast, for plaintiff appellant.*

*Poyner & Spruill, by George L. Simpson, III and Mary Beth Johnston, for defendant appellees.*

ARNOLD, Judge.

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c); *Stoltz v. Burton*, 69 N.C. App. 231, 316 S.E. 2d 646 (1984). The moving party has the burden of establishing the absence of any triable issue of fact. *Id.* at 233, 313 S.E. 2d at 647.

Although summary judgment is generally not appropriate in negligence cases, it is appropriate in cases where it appears the plaintiff cannot recover even if the facts as alleged by him are true. *Frendlich v. Vaughan's Foods of Henderson, Inc.*, 64 N.C. App. 332, 307 S.E. 2d 412 (1983); *Cox v. Haworth*, 54 N.C. App. 328, 283 S.E. 2d 392 (1981). Summary judgment is also proper in negligence cases where the evidence fails to show negligence by the defendant, or where contributory negligence is clearly established, or where the established negligence on defendant's part is not the proximate cause of the injury. *Hale v. Duke Power*, 40 N.C. App. 202, 252 S.E. 2d 265, *cert. denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979).

A *prima facie* case of negligence liability is alleged when a plaintiff shows that: defendant owed him a duty of care; defendant's conduct breached that duty; the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Southerland v. Kapp*, 59 N.C. App. 94, 295 S.E. 2d 602 (1982).

The owner of a place of business which is open to public patronage is under a duty to keep the approaches and entrances to his business in a reasonably safe condition for the use of customers entering or leaving the premises. *Garner v. Greyhound,*

250 N.C. 151, 155, 108 S.E. 2d 461, 464 (1959). Plaintiff was a "business invitee" of the defendants and thus owed her a duty of care.

Once it is determined that a duty is owed by one party to another, then it must be determined whether that duty was breached. *See Southerland*, 59 N.C. App. 94, 295 S.E. 2d 602.

Section 1007.3(b) of the North Carolina State Building Code states in pertinent part that "[A]ll exit stairs . . . shall have a handrail on at least one side." Section 1115.3(b) of that same code states that "[Treads] shall be of uniform width and risers of uniform height in any one flight of stairs."

It is clear from the record on appeal that the porch to defendants' office building did not have handrails, and that the risers were not uniform in height. The entrance, therefore, is in violation of the North Carolina building code.

"The violation of a statute which imposes a duty upon the defendant in order to promote the safety of others, including the plaintiff, is negligence per se, . . . and such negligence is actionable if it is the proximate cause of injury to the plaintiff." *Ratliff v. Power Co.*, 268 N.C. 605, 610, 151 S.E. 2d 641, 645 (1966).

> . . . The question as to whether the violation of a statute, or ordinance, especially one intended to safeguard the citizens of a town and their property, is negligence *per se*, or only evidence of negligence, has been discussed extensively by this Court in several cases, but the law of this State was finally settled in *Leathers v. Tobacco Co.*, 144 N.C. 330, 57 S.E. 11, 9 L.R.A., N.S., 349, where it was held that it is negligence *per se*, and as a matter of law, and the rule in regard to it, as stated by Judge Thompson in his treatise on Negligence (vol. 1, § 10), was adopted, and is substantially as follows: When the legislature of a State, or the council of a municipal corporation, having in view the promotion of the safety of the public, or of individual members of the public, commands or forbids the doing of a particular act, the general conception of the courts, and the only one that is reconcilable with reason, is that a failure to do the act commanded, or doing the act prohibited, is negligence as mere matter of law, or otherwise called negligence *per se*; and this, irrespective of all questions of the exercise of prudence, diligence, care, or skill. So that if it is the proximate cause of hurt or damage to another,

and if that other is without contributory fault, the case is decided in his favor, and all that remains is to assess his damages. The jury, of course, must find the facts. . . .

*Watson Seafood & Poultry Co. v. George W. Thomas, Inc.,* 289 N.C. 7, 12, 220 S.E. 2d 536, 540 (1975) (Chief Justice Branch (then Justice) quoting Justice Walker in *Stone v. Texas Co.,* 180 N.C. 546, 105 S.E. 425 (1920)).

We conclude that because defendants violated the State building code they were negligent *per se. See Lindstrom v. Chestnutt,* 15 N.C. App. 15, 189 S.E. 2d 749, *cert. denied,* 281 N.C. 757, 191 S.E. 2d 361 (1972). The question now becomes whether defendants' negligence is the proximate cause of plaintiff's injuries, and whether plaintiff was contributorily negligent. These are material issues of fact and cannot be determined as a matter of law.

Defendants argue that plaintiff believes that she fell because of the slope of the asphalt, and therefore her belief negates the issue of proximate cause. It is particularly this type of issue that must be determined by a jury. Plaintiff may not know exactly why she fell, but she did fall. Defendants were negligent, but it cannot be said, as a matter of law that defendants' negligence was not the proximate cause of plaintiff's injury.

Reversed.

Judge GREENE concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent from the majority opinion. I see no basis for a finding of proximate cause under the facts presented in this case.

In her complaint, plaintiff alleges negligent design, construction and maintenance of the stairway and ramp area, a gently-sloped asphalt area leading from the steps to the parking lot. Plaintiff testified at deposition that she "just slipped on that slick asphalt slanting" but admitted there was no foreign or slippery substance on the asphalt. Plaintiff said: "My foot slipped on that asphalt is what throwed (sic) me." The day of the incident was cold, bright and dry. The evidence also shows that plaintiff had walked up

and down the same place approximately 30 days earlier and again only 15 minutes before she fell.

There is no evidence that the absence of a handrail, as required next to the steps by the building code, had anything to do with plaintiff's fall. Nor is there evidence that the design, construction or maintenance of the steps or slope brought about plaintiff's fall. The assertions of negligence *per se* resulting from the violations of the building code are irrelevant. As a matter of law, plaintiff has not shown that negligent design, construction or maintenance of the steps and ramp proximately caused her injuries. I would affirm the trial court's order granting summary judgment for defendants.