RUBY D. LAMM v. BISSETTE REALTY, INC., AND DANIEL P. WETHERINGTON AND JUDY A. WETHERINGTON

No. 280A89

(Filed 29 August 1990)

1. **Negligence §§ 1.3, 47 (NCI3d) — violation of State Building Code — knowledge by owner — negligence per se**

   The owner of a building may not be found negligent per se for a violation of the State Building Code unless: (1) the owner knew or should have known of the Code violation; (2) the owner failed to take reasonable steps to remedy the violation; and (3) the violation proximately caused injury or damage.

   **Am Jur 2d, Premises Liability § 53.**

2. **Negligence § 47 (NCI3d) — violation of State Building Code — absence of knowledge — no negligence per se**

   The owners and manager of an office building cannot be held negligent per se based on a violation of the State Building Code where there was no evidence that they knew or should have known of the Code violation.

   **Am Jur 2d, Premises Liability § 53.**

3. **Negligence § 47.1 (NCI3d) — invitee — fall on steps — variation in heights of risers — failure to provide handrail**

   In an action to recover for injuries received when plaintiff invitee slipped and fell while stepping from the bottom step of the stairway leading from defendants' office building, plaintiff's forecast of evidence was sufficient to make out a prima facie case of common law negligence by defendants in failing to warn plaintiff of a variation in the heights of the risers and in failing to provide a handrail for the steps where it tended to show that the downward slope of the asphalt ramp leading from the bottom step makes the height of the last

**LAMM v. BISSETTE REALTY**

[327 N.C. 412 (1990)]

step some two inches greater than the top two steps. Further, the questions of proximate cause and plaintiff's contributory negligence are properly jury questions.

**Am Jur 2d, Premises Liability §§ 583, 585, 591, 686.**

ON appeal and discretionary review of the decision of the Court of Appeals, 94 N.C. App. 145, 379 S.E.2d 719 (1989), reversing an order entered by *Watts, J.,* in the Superior Court, WILSON County, on 14 June 1988, granting summary judgment for the defendants. Heard in the Supreme Court 12 March 1990.

*Mast, Morris, Schulz & Mast, P.A., by Bradley N. Schulz and George B. Mast, for plaintiff-appellee.*

*Poyner & Spruill, by J. Phil Carlton, George L. Simpson, III, and Mary Beth Johnston, for defendant-appellants.*

*James B. Maxwell, Alice Neece Moseley and Michael K. Curtis, for Amicus Curiae North Carolina Academy of Trial Lawyers.*

FRYE, Justice.

Plaintiff brought suit against defendants Daniel and Judy Wetherington and Bissette Realty, Inc. (Bissette), for injuries she sustained as a result of slipping and falling as she stepped off the bottom step of the porch of an office building owned by the Wetheringtons and managed by Bissette. The trial court entered summary judgment for defendants, and the Court of Appeals reversed, concluding that defendants violated the North Carolina State Building Code (Code) and therefore were negligent *per se.* *Lamm v. Bissette Realty,* 94 N.C. App. 145, 148, 379 S.E.2d 719, 721 (1989). The Court of Appeals further concluded that the questions of whether defendant's negligence was the proximate cause of the accident and whether plaintiff was contributorily negligent could not be decided as a matter of law and were therefore jury questions. *Id.* Defendants appealed from the Court of Appeals' decision based on Judge Lewis' dissent and filed a petition for discretionary review as to additional issues. This petition was allowed by this Court on 6 September 1989.

The issues presented by defendants' appeal are whether the Court of Appeals erred: (1) in finding that defendant's failure to comply with the Code constituted negligence *per se*; (2) in failing to affirm the trial court's grant of summary judgment to defendants

because the place where plaintiff fell was an open and obvious condition for which defendants had no duty to warn, assuming that defendants were not negligent *per se*; (3) in concluding that the matter of plaintiff's contributory negligence could not be decided as a matter of law; and (4) in concluding that the question of whether defendants' negligence was the proximate cause of plaintiff's injuries could not be decided as a matter of law. We conclude that summary judgment was improperly granted in favor of defendants because, while defendants were not negligent *per se* for violating the Code, there is enough evidence of common law negligence to survive defendants' motion for summary judgment on the issue of whether defendants were negligent in failing to provide a handrail for the steps and in not warning about the variation in riser heights. We affirm the Court of Appeals' holding that the issues of proximate cause and contributory negligence in this case are questions for the jury.

The evidence before the court on the motion for summary judgment disclosed that on 3 February 1987, plaintiff, who was sixty-nine years old at the time, went to pay an insurance bill at the building owned by the Wetheringtons and managed by Bissette. The building was built in 1978, and the steps used by plaintiff are the only exit from the building. The building, porch, and steps are constructed of brick, and the steps lead to an asphalt parking lot by way of an asphalt ramp or apron. There are three risers from the ramp to the top of the porch. The first two steps coming down from the porch are six and one-half inches high. The bottom riser, which is the last step down to the ramp, is seven and one-half inches high at the point of contact between the steps and the asphalt. The distance from the last brick step down to the level of the parking lot is eleven and one-half inches, but during construction the asphalt was sloped upward from the parking lot toward the bottom step in order to make the distance from the step to the asphalt closer to the six and one-half inches of the other risers. This asphalt ramp or apron slopes at a rate of one inch per running foot. Because of this slope and the fact that a person of normal gait, when descending the stairs, would step about one running foot out on the ramp, the effective height of the last step down is eight and one-half inches. The stairs do not have a handrail on either side.

As she was leaving the building, plaintiff fell while stepping off the bottom step onto the sloping asphalt. In her deposition,

plaintiff stated, "as I stepped off the bottom step with my right foot, it slipped. That pavement—the asphalt—did not look slick to me, but my foot slipped. It was so—and I tried to catch, and I couldn't. And it was slanting as I slipped." Plaintiff presented no evidence that the asphalt was "slick" at the time she fell.

[1] The Court of Appeals concluded that defendants were negligent *per se* because they violated two sections of the State Building Code, Section 1007.3(b) which provides, "[a]ll exit stairs . . . shall have a handrail on at least one side," and Section 1115.3(b) which provides, "[t]reads shall be of uniform width and risers of uniform height in any one flight of stairs." *Lamm v. Bissette Realty*, 94 N.C. App. at 146, 379 S.E.2d at 721. "The violation of a statute which imposes a duty upon the defendant in order to promote the safety of others, including the plaintiff, is negligence *per se*, unless the statute, itself, otherwise provides, and such negligence is actionable if it is the proximate cause of injury to the plaintiff." *Ratliff v. Power Co.*, 268 N.C. 605, 610, 151 S.E.2d 641, 645 (1966). However, the owner of a building may not be found negligent *per se* for a violation of the Code unless: (1) the owner knew or should have known of the Code violation; (2) the owner failed to take reasonable steps to remedy the violation; and (3) the violation proximately caused injury or damage. *See Olympic Products Co. v. Roof Systems*, 88 N.C. App. 315, 363 S.E.2d 367, *disc. rev. denied*, 321 N.C. 744, 366 S.E.2d 862 (1988).

[2] In the present case, plaintiff has not shown that defendants are negligent *per se* for a violation of the Code because plaintiff made no showing that either the Wetheringtons, who are the second owners of the building, or Bissette knew or should have known of the violation of the Code.[1] Therefore, the Court of Appeals erred in holding that defendants were negligent *per se* for violation of the Code.

---

1. We note that if defendants did have knowledge of a Code violation, the only Code provision which appears to be applicable to the present situation is Section 1115.3 dealing with the allowed variation of riser heights. The record in this case is not clear as to whether the 1967 or the 1978 version of the Code applies; however, the risers in this case are of uneven height which appears to violate both versions of the Code. *See* North Carolina State Building Code, Section 1115.3 (1978 ed.) and (1967 ed.).

If the building was constructed before the 1978 version of the Code became effective in April 1978, Section 1007.3(b) of that Code, requiring handrails on all existing buildings, appears to be subject to the Section 1007.1 requirement that a building official give written notice to the owner to bring the building into compliance with Chapter 10. There is no evidence of such notice in the present case. *See* North Carolina State Building Code, Sections 1007.1 and 1007.3(b) (1978 ed.).

LAMM v. BISSETTE REALTY

[327 N.C. 412 (1990)]

[3]  Since defendants cannot be found negligent *per se* based on a violation of the Code because the forecast of evidence is insufficient to show that defendants knew or should have known of a Code violation, we must examine whether the forecast of evidence is sufficient to show that defendants were negligent in failing to provide a handrail on the steps and in not warning about the variation in height of the risers. As the Court of Appeals correctly stated, to survive defendants' motion for summary judgment in the present case, plaintiff must allege a *prima facie* case of negligence—defendants owed plaintiff a duty of care, defendants' conduct breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury. *Lamm v. Bissette Realty*, 94 N.C. App. at 146, 379 S.E.2d at 721. We conclude that plaintiff's forecast of evidence was sufficient to make out a *prima facie* case of defendants' common law negligence in failing to warn of the variation in height of the risers and failing to provide a handrail.

The Court of Appeals is correct that plaintiff is a business invitee of defendants, who are the owners and manager of the building. *Id.* at 147, 379 S.E.2d at 721. The owner owes a duty to a business invitee to keep "entrances to his business in a reasonably safe condition for the use of customers entering or leaving the premises." *Id.* at 146, 379 S.E.2d at 721 (citing *Garner v. Greyhound*, 250 N.C. 151, 155, 108 S.E.2d 461, 464 (1959)). An owner also has a duty to warn invitees of hidden dangers about which the owner knew or should have known. *Branks v. Kern*, 320 N.C. 621, 359 S.E.2d 780 (1987); *Mazzacco v. Purcell*, 303 N.C. 493, 278 S.E.2d 583 (1981); *Hedrick v. Tingiere*, 267 N.C. 62, 147 S.E.2d 550 (1966).

Defendants contend that the sloping asphalt where plaintiff fell is an open and obvious condition which plaintiff should have seen, and therefore defendants had no duty to warn her of the danger. As discussed earlier in this opinion, the asphalt ramp or apron slopes away from the bottom brick step at a rate of one inch per running foot, creating a two-inch differential between the height of the top two steps and the height of the bottom step at the point where plaintiff would place her foot when descending the stairs. While the fact that the asphalt slopes away from the steps may be obvious to someone walking down the stairs, the fact that the last step down is some two inches deeper than the other two steps, partly as a result of this sloping, is not so

obvious to someone descending the stairs. The combination of the slope and the variation of the height cannot be said as a matter of law to be an open and obvious defect of which plaintiff, an invitee, should have been aware. A jury could find that this variation in riser height, in part caused by the slope of the asphalt, was a hidden defect which defendants should have known about and that defendants had a duty to warn plaintiff that the last step down was deeper than the previous two steps. Summary judgment for defendants, thus foreclosing jury consideration of this issue, was error.

Defendants contend that plaintiff's forecast of evidence shows only that the sloping of the asphalt ramp and not the riser height was the cause of her accident, and therefore the accident was caused by an open and obvious condition of which defendants had no duty to warn plaintiff. However, in her statement to a representative of the insurance company shortly after the accident, plaintiff stated, "the step was deeper than I thought it was." While in her deposition plaintiff kept referring to the "slope" as the cause of her fall, plaintiff never denied that the variation in the riser height contributed to her fall. This ostensible conflict regarding causation is not properly settled by summary judgment; it is a question for the jury. Thus, summary judgment for defendants on the issue of whether defendants were negligent in not warning plaintiff of the variation in height was error.

Since owners owe a duty to business invitees to keep the entrance in a reasonably safe condition, a jury could find that defendants were negligent for not attempting to correct what defendants themselves called an open and obvious condition — the sloping asphalt — by adding a handrail to make it reasonably safe. As noted earlier, plaintiff stated in her deposition, "I tried to catch, and I couldn't." A jury could reasonably find that failure to provide such a handrail constitutes negligence on the part of defendants given the downward slope of the asphalt ramp and the fact that the slope makes the height of the last step some two inches greater than the top two steps. Whether the failure to provide a handrail under these conditions constitutes negligence is a question of fact for a jury rather than an issue of law for the court to decide. Therefore, the Court of Appeals correctly reversed the trial court's grant of summary judgment in favor of defendants because plaintiff's forecast of evidence was sufficient to survive defendants' motion for summary judgment on the issue of whether defendants

LAMM v. BISSETTE REALTY

[327 N.C. 412 (1990)]

were negligent in not providing a handrail at the steps where plaintiff fell.

The Court of Appeals was also correct in concluding that the questions of proximate cause and plaintiff's contributory negligence in this case are properly jury questions. *Lamm v. Bissette Realty*, 94 N.C. App. at 148, 379 S.E.2d at 721. The issues of proximate cause and contributory negligence are usually questions for the jury. *See Collingwood v. G.E. Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989); *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E.2d 190 (1980). As the Court of Appeals noted, "[p]laintiff may not know exactly why she fell, but she did fall." *Id.* at 148, 379 S.E.2d at 722. Whether her fall and subsequent injuries were the result of defendants' negligence or the result of plaintiff's own negligence is a jury question not suitable, under the evidence here, for summary judgment.

We hold that the trial court erred in granting summary judgment in favor of defendants, not for the reason, as held by the Court of Appeals, that the defendants were negligent *per se* for violating the State Building Code, but because plaintiff has forecast sufficient evidence of common law negligence to survive defendants' motion for summary judgment. We affirm the Court of Appeals' holding that the questions of proximate cause and contributory negligence are in this case properly jury questions rather than questions for the court to decide as a matter of law. For these reasons, we modify and affirm the decision of the Court of Appeals.

Modified and affirmed.