***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Medical records
 ***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 *********** *Page 2 
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 8 July 2001, plaintiff was being escorted through the day room to the shower area at Southern Correctional Institution. Prior to this date, plaintiff had never been in this particular shower area.
2. The doors to the shower area were warped and water collected on the smooth surfaced concrete floor outside the shower area. Defendant was aware of this condition. There are no mats on the floor and defendant is in the process of painting the floor with textured paint.
3. As plaintiff approached the shower area, outside the cage door, he slipped on the wet floor and heard a pop in his right ankle. Plaintiff caught himself on the cage door prior to hitting the floor.
4. Plaintiff received medical treatment and was diagnosed with a soft tissue injury. He was placed on crutches for three to four weeks. The medical records and plaintiff's testimony indicate that plaintiff has recovered from his injury.
5. Defendant's employee/agent, Sgt. Chappell, acknowledged that there was water on the floor on the date in question.
6. The greater weight of the evidence in the record shows that defendant made a decision not to place wet floor warning signs out for security reasons, believing that the inmates could use the signs as weapons. Accordingly, there were no wet floor signs placed in the wet area on the date in question.
7. The greater weight of the evidence shows that defendant's employees and agents were aware of the disrepair of the shower doors and that they had decided not to place wet floor *Page 3 
warning signs in the area. As a result of the negligently maintained day room area near the showers, plaintiff sustained an injury to his right ankle.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; Isenhour v. Hutto, 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd in par and rev'd in part onother grounds, 350 N.C. 601, 517 S.E.2d 121 (1999).
2. NCDOC has a duty to exercise ordinary care to keep its premises in a reasonably safe condition. Lamm v. Bissette Realty, Inc.,327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Failure to do so constitutes negligence. See Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57,64, 414 S.E.2d 339, 342-43 (1992). The greater weight of the evidence in this case shows that defendant was aware of the disrepair of the shower doors and that they had decided not to place wet floor warning signs in the area. As a result of the negligently maintained day room area near the showers, plaintiff sustained an injury to his right ankle.
3. There is no credible evidence that plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a).
4. The burden of proving damages is on the party seeking those damages. Olivetti Corp. v. Ames Business Systems, Inc., 319 N.C. 534,547, 356, S.E.2d. 578, 586 (1987), citing Brown v. Moore, 286 N.C. 664, 213, S.E.2d 342 (1975). In this case, the greater weight of the evidence shows that as a result of the negligent maintenance of the shower area and the failure to place warning signs in the area, plaintiff suffered an injury to his right ankle which caused pain *Page 4 
and suffering. Plaintiff has recovered from his injury and a reasonable sum for plaintiff's pain and suffering and future medical needs caused by the negligence of defendant is $100.00.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover the sum of ONE HUNDRED DOLLARS EVEN ($100.00) from NCDOC for the injuries he sustained as a result of his 8 July 2001 injury. NCDOC shall pay plaintiff this sum as money damages.
2. Defendant shall pay the costs of this action.
This the 22nd day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1