***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Donovan.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 4 September 2004, plaintiff was housed at the Lanesboro Correctional Institution in Anson County, North Carolina. On that date, plaintiff was in the day room awaiting lunch call at approximately 12:30 p.m. when three inmates, Jonathan G. Spinks, Victor *Page 2 
F. Valladares, and Kenneth E. Blanding were allowed access to plaintiff's cell by Correctional Officers Cash and Enalls.
2. Plaintiff requested that the officers remove the other inmates as he felt threatened by them. The officers refused to do so.
3. When plaintiff attempted to get the other inmates to leave, one of them pulled out a knife and stabbed plaintiff in the left arm. When plaintiff tried to run from the assault, he was stabbed multiple times in the back.
4. Plaintiff was taken to medical where he received treatment for his wounds. He did not require stitches as the wounds were punctures and not deep. Plaintiff continued to receive treatment for approximately two weeks. He currently has some small scarring.
5. The punishment records of the three inmates who took part in the assault of plaintiff indicated that all were found guilty of a C04 offense, and all three records contain the statement of Officer Cash that he saw the three inmates beating and dragging plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prove negligence, plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380
(1990); Bolkhir, 321 N.C. at 709, 365 S.E.2d at 900.
4. Defendant has a duty to exercise ordinary care to keep its premises in a reasonably safe condition. Lamm v. Bissette Realty, Inc.,327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Failure to do so constitutes negligence. See Roumillat v. Simplistic Enterprises, Inc.,331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992).
5. The greater weight of the evidence in this case shows that defendant's employees Officers Cash and Enalls were negligent in allowing the inmates into plaintiff's cell and then leaving him despite his requests for assistance. Further, as a direct result of the negligence of Officers Cash and Enalls, plaintiff was attacked by the other inmates and suffered injuries. Id.
6. There is no credible evidence that plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a).
7. There is no medical evidence tending to show that plaintiff continues to suffer as a result of the assault. Plaintiff's own testimony indicates that he recovered from his wounds within a few weeks of the assault, although he does have scarring as a result of the stab wounds. A reasonable sum for plaintiff's pain and suffering and the resulting scars is $250.00.
 *********** *Page 4 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover the sum of TWO HUNDRED FIFTY DOLLARS EVEN ($250.00) from defendant for the injuries he sustained as a result of his 4 September 2004 injury. Defendant shall pay plaintiff this sum as money damages.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 27th day of March 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1