**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6683**

RASHEED OLDS,

              Plaintiff - Appellant,

          v.

UNITED STATES OF AMERICA,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:08-ct-03120-D)

Submitted:  September 7, 2011        Decided:  April 5, 2012

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

Rasheed Olds, Appellant Pro Se.  Thomas G. Walker, United States Attorney, Joshua B. Royster, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasheed Olds, a federal inmate, appeals the district court's order granting summary judgment to the Government on his claims of negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (2006). We affirm in part and reverse and remand in part.

We review a district court's order granting summary judgment de novo, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Under the FTCA, the substantive law of the place where the act or omission occurred is to be applied. Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Here, that is North Carolina. North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 460 S.E.2d 133, 136 (N.C. 1995).

We conclude that the district court erred by finding that Olds's injuries alleged in count one of his complaint could not have been proximately caused by the prison staff leaving him handcuffed and unattended in his cell. Proximate cause is:

> a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

Adams v. Mills, 322 S.E.2d 164, 172 (N.C. 1984) (internal quotation marks omitted). While foreseeability is "a requisite of proximate cause," foreseeability of the "precise form" of the resulting injury is not. Hairston v. Alexander Tank & Equip. Co., 311 S.E.2d 559, 565 (N.C. 1984); see also Adams, 322 S.E.2d at 172. "All that a plaintiff is required to prove on the

question of foreseeability, in determining proximate cause, is that in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." Hairston, 311 S.E.2d at 565 (internal quotation marks omitted).

On this record, we conclude that it was premature for the district court to find proximate cause lacking at the summary judgment stage. "Proximate cause is an inference of fact to be drawn from other facts and circumstances. Only when the facts are all admitted and only one inference may be drawn from them will the court declare whether an act was the proximate cause of an injury or not." Adams, 322 S.E.2d at 172; see also Lamm v. Bissette Realty, Inc., 395 S.E.2d 112, 116 (N.C. 1990) ("The issues of proximate cause and contributory negligence are usually questions for the jury."). Here, more than one inference could be drawn as to the proximate cause of Olds's injury. The district court therefore erred in resolving this issue at the summary judgment stage. We reverse as to this issue.

Olds failed to assert error in the district court's finding that his count two claims are barred for failure to comply with N.C. R. Civ. P. 9(j) in his opening brief to this court. In doing so, he waived any argument against the district

4

court's finding.  Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 604 n.4 (4th Cir. 2010); United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir. 2002).  We therefore affirm the district court's grant of summary judgment on this count.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED
