DILLON, Judge, dissenting.
 

 I believe that the evidence establishes, as a matter of law, that Plaintiff was contributorily negligent when he tripped walking up steps leading from the sidewalk into the Church building. Specifically, the evidence conclusively establishes that Plaintiff began his fall when he tripped over a step which was properly constructed. And, the evidence also conclusively establishes that Plaintiff was negligent as he stumbled over the next
 step whose defective design was obvious. I believe that Judge Gray ruled correctly and, therefore, I dissent.
 

 Here, Plaintiff's own expert described the stairs essentially as follows: There are five concrete steps leading from the sidewalk to the Church's entry door. But there is also a rise from the top (fifth) concrete step into the Church building itself. The rises between the five concrete steps (that is, between the first and second, the second and third, the third and fourth, and the fourth and fifth) are all concrete and are
 uniform in height, about 6.5 inches each. However, the rise between the fifth concrete step and the interior of the Church building, composed of mostly red brick (part of the Church building) and a white-painted, wooden threshold, is over 10.5 inches.
 

 I agree with the majority that Plaintiff's evidence is sufficient to reach the jury on the question of whether the Church's negligence was a proximate cause of Plaintiff's fall; Plaintiff stated that he tripped as he was stepping from the top concrete step into the Church building; Section 1115.3(b) of the our State Building Code requires that "risers [shall be] of uniform height in any one flight of stairs[;]" and our Supreme Court has indicated that a violation of the Building Code may constitute negligence
 
 per se
 
 .
 
 Lamm v. Bissette Realty, Inc.
 
 ,
 
 327 N.C. 412
 
 , 415,
 
 395 S.E.2d 112
 
 , 114 (1990) ; s
 
 ee
 

 Pasour v. Pierce
 
 ,
 
 76 N.C. App. 364
 
 , 368,
 
 333 S.E.2d 314
 
 , 317 (1985) ("[A] violation of the Building Code in North Carolina is negligence
 
 per se
 
 .").
 

 But I also conclude that the evidence establishes, as a matter of law, that Plaintiff's own negligence, too, was a proximate cause in his fall and subsequent injury. Specifically, Plaintiff admitted in his deposition that he began his fall when he tripped as he was stepping from the fourth concrete step to the fifth concrete step, before attempting to make the last step into the Church building:
 

 Q: Are you tripping on concrete or brick?
 

 A: Both of them, really.
 

 Q: Which one do you trip on first?
 

 A: Well, it would have to be that one first because it comes first.
 

 Q: Which one? The concrete?
 

 A: Yeah, it would have to be that.
 

 Q: Would it be the front of the concrete you trip on, that step of concrete?
 

 A:No, it would have been
 
 the front of it
 
 .
 

 (Emphasis added.) Through this testimony, Plaintiff clearly states that he first tripped on the top of the concrete rise between the fourth and fifth step. Any doubt as to what Plaintiff was saying was cleared up with his response to the following question, which clearly assumes that Plaintiff began tripping as he was stepping on the fifth concrete step:
 

 Q: From the area you started tripping, which you say [is] the front of this concrete step, would you draw a line from that point over to this part of the picture and put a 1 on it.
 

 Plaintiff then marked on a photo of the steps that he began tripping on the
 
 top front corner
 
 of the fifth concrete step; he did not initially trip on the 10.5 inch rise from the fifth step into the Church building. This picture marked by Plaintiff was before Judge Gray and is part of the record on appeal. And Plaintiff's own evidence, through the affidavit of his expert, is uncontradicted that this step between the fourth and fifth concrete step was not in violation of the Building Code, as it was uniform with the other steps that Plaintiff had just ascended.
 

 I am guided by our Supreme Court that "if [a] step is properly constructed and well lighted so that it can be seen by one entering or leaving the [building], by the exercise of reasonable care, then there is no liability."
 
 Garner v. Atlantic Greyhound Corp.
 
 ,
 
 250 N.C. 151
 
 , 159,
 
 108 S.E.2d 461
 
 , 467 (1959) (reversing the trial court's denial of the defendant's motion for nonsuit, holding that the defendant was not liable
 
 as a matter of law
 
 ). Based on
 
 Garner
 
 , I conclude that the Church was not liable with respect to Plaintiff's stumble as he stepped from the fourth concrete step to the fifth. The beginning of Plaintiff's fall was clearly due
 
 entirely
 
 to Plaintiff's own negligence, which makes this present case distinguishable from
 
 Lamm v. Bissette Realty, Inc.
 
 ,
 
 327 N.C. 412
 
 ,
 
 395 S.E.2d 112
 
 (1990), cited by the majority.
 

 I further conclude that Plaintiff was contributorily negligent, as a matter of law, as
 he as he took his final, off-balanced step into the Church building itself. Assuming, the Church may have been negligent as to this final step because of the height differential, Plaintiff was also negligent for not taking due care in taking this final step. Plaintiff's own expert described the rise between the concrete steps as being concrete, but that the rise between the last concrete step into the church consisted of some concrete, then brick, and then a wooden threshold, a difference which I believe was open and obvious. The picture of the steps in the record shows obvious differences between the other step rises and the rise leading into the building, such as the rise into the building consisting of some concrete, then mostly dark red brick, and then a white threshold, whereas the other rises were uniformly gray concrete. Further, Plaintiff had walked down these same steps just minutes prior to the fall, surely noticing the height differential as he stepped from the Church building to the top step. And the evidence shows that it was daytime when he fell.
 
 See
 

 Stoltz v. Burton
 
 ,
 
 69 N.C. App. 231
 
 , 236,
 
 316 S.E.2d 646
 
 , 649 (1984) (affirming summary judgment for the defendant and citing
 
 Garner
 
 , stating that an injured plaintiff "behaved negligently by not exercising due care to protect herself" when walking down a step of which she had an unobstructed view in broad daylight).