### WILLIAMS v. WALNUT CREEK AMPHITHEATER PARTNERSHIP

[121 N.C. App. 649 (1996)]

ANNETTE WILLIAMS, PLAINTIFF-APPELLANT v. WALNUT CREEK AMPHITHEATER
PARTNERSHIP, DEFENDANT-APPELLEE

No. COA95-501

(Filed 5 March 1996)

**Negligence §§ 144, 146 (NCI4th)— fall on hill at amphitheater—negligence and contributory negligence as jury questions**

In an action to recover for injuries sustained by plaintiff at defendant's amphitheater, evidence of defendant's negligence and plaintiff's contributory negligence was sufficient to be submitted to the jury where it tended to show that plaintiff was an invitee who fell down the steep hill in the amphitheater; the hill was not separated from the amphitheater lawn by any type of structure that would prevent a person from falling down the hill; during concerts of the same size as the concert which plaintiff attended the staircases exiting the lawn were inadequate to facilitate a prompt exit from the amphitheater lawn; the lighting was such that the plaintiff could not see where she was going; there was pushing and shoving among the patrons and defendant knew that at the end of concerts of this size there was inevitably some pushing and shoving; defendant knew other patrons had been injured on the hill; and whether plaintiff should have recognized the danger of walking along the crest of the hill and chosen an exit alternative which may or may not have been safer under the circumstances or waited in line behind the crowd was a question of fact for the jury.

**Am Jur 2d, Premises Liability §§ 785-787, 790.**

**Premises liability: proceeding in the dark on outside steps or stairs as contributory negligence. 23 ALR3d 365.**

Appeal by plaintiff from order entered 16 February 1995 in Wake County Superior Court by Judge Robert L. Farmer. Heard in the Court of Appeals 26 January 1996.

*Smith Debnam Hibbert & Pahl, L.L.P., by John W. Narron, Elizabeth B. Godfrey and Michael D. Zetts, III, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Reid Russell, for defendant-appellee.*

WILLIAMS v. WALNUT CREEK AMPHITHEATER PARTNERSHIP

[121 N.C. App. 649 (1996)]

GREENE, Judge.

Annette Williams (plaintiff) appeals from the trial court's 16 February 1995 entry of summary judgment in favor of Walnut Creek Amphitheater Partnership (defendant).

Plaintiff attended a concert at Walnut Creek Amphitheater, which is operated by defendant, on 14 August 1993. It is undisputed that the Amphitheater is made up of a stage, with covered seats immediately in front of the stage and then a gently sloping hill behind the covered seats (called the lawn) where patrons may also sit. The lawn is accessed by three staircases, with one located on each the east and west sides of the lawn and one located on the north side of the lawn. The staircase on the north side is considered the main staircase. Between the three staircases is a steep, grass-covered hill (the hill), which forms the back side of the lawn. There are lights at the bottom of each staircase, but there are none at the top of the staircases or on the hill.

Plaintiff entered the concert via the main staircase, located at the back of the lawn, and sat towards the back, or top, of the lawn during the concert. After the concert, plaintiff and her group were being stepped on by others who were trying to leave the concert, and they decided to depart, without waiting for the crowd to dissipate. Plaintiff left her seat and headed towards the back of the lawn, away from the stage. Once at the top of the lawn, which is bordered by the hill, plaintiff and her group turned right and went towards the main staircase, the same staircase from which they entered and the closest one to their seats. Plaintiff tried to maneuver herself through the crowd to reach the staircase, but in her attempt, she was pushed by the crowd, slipped on the wet ground and fell down the hill. Plaintiff stated that "there was no lighting to enable [her] to see or to assist the crowd with their departure." Plaintiff's fall caused plaintiff to break three bones in her ankle. It is not disputed that there is no fence, or other barrier that separates the lawn from the hill and that no attendants were posted on the crest of the hill.

Plaintiff sued defendants on 9 May 1994 seeking damages for the injury she sustained during her fall. After answering plaintiff's complaint, defendant's filed a motion for summary judgment on 21 December 1994.

At the summary judgment hearing on 14 February 1995, Michael Tabor (Tabor), the director of operations for the Amphitheater, testi-

fied that the majority of patrons exit the lawn from the main staircase and that when there is a crowd "in excess of twenty thousand people preparing to leave the amphitheater," as on 14 August 1993, the crowd generally clusters around the staircases while waiting to exit the lawn. Tabor, also assumed that some pushing "inevitably" goes on. Furthermore, Tabor stated that it never occurred to him "that someone might be carried over the edge of the steep hill by a crowd surge." Although Tabor could remember only one incident in the area of the main staircase, which involved a patron who was using the hill as a means of egress, there are incident reports, which are required by defendant in the event of any reported injury at the Amphitheater, in the record that document numerous injuries occurring on "the hill." There was some evidence that the Amphitheater staff refer to the lawn as "the hill."

After considering all the evidence, the trial court entered summary judgment for defendant.

---

The issues are whether (I) a genuine issue of material fact regarding defendant's negligence exists; and (II) a genuine issue of material fact regarding plaintiff's contributory negligence exits.

I

The possessor of land is liable for any injuries caused to his invitee when the possessor (1) negligently creates "the condition causing the injury" or (2) negligently fails "to correct the condition [causing the injury] after notice, either express or implied of its existence." *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967). The possessor of land, however, is not liable to his invitee for injuries received as a result of "any activity or condition on the land whose danger is known or obvious" to the invitee, "unless the possessor should anticipate the harm despite such knowledge or obviousness." *Southern Ry. Co. v. ADM Milling Co.*, 58 N.C. App. 667, 675, 294 S.E.2d 750, 756, *disc. rev. denied*, 307 N.C. 270, 229 S.E.2d 215 (1982).

In this case, the evidence in the light most favorable to the plaintiff nonmovant, *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 101 N.C. App. 1, 3-4, 398 S.E.2d 889, 890 (1990), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991), shows that (1) the plaintiff was an invitee, (2) the plaintiff fell down the steep hill in the Amphitheater, (3) the hill was not separated from the Amphitheater lawn by any type of structure that would prevent a person from falling down the hill, (4) during concerts of the same size as the 14 August

concert, the staircases exiting the lawn were inadequate to facilitate a prompt exit from the Amphitheater lawn, (5) the lighting was such that the plaintiff could not see where she was going, (6) there was pushing and shoving among the patrons and that the defendant knew that at the end of concerts of this size there was "inevitably" some pushing and shoving, and (7) defendant knew that other patrons had been injured on "the hill." This evidence raises a genuine issue of fact as to whether the defendant, in the construction of the Amphitheater and the admission of a large number of patrons into the facility knowing that "pushing and shoving" occurs as patrons exit after large concerts, created an unsafe condition that resulted in plaintiff's injuries. *See Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992). In so holding we reject the argument of the defendant that the steep hill was an obvious danger for which it has no liability. Although there is evidence that the steep hill was an obvious danger, there is also evidence that would support a conclusion that the defendant should have anticipated that patrons could be injured on the unprotected hill. *See Aaser v. Charlotte*, 265 N.C. 494, 499, 144 S.E.2d 610, 614 (1965) (land owner's duty extends to contemplated and foreseeable activities on his premises by spectators).

II

The defendant argues in the alternative that the plaintiff was contributorily negligent as a matter of law. We disagree. There is a genuine issue of fact in this case regarding plaintiff's contributory negligence. Whether plaintiff should have recognized the danger of walking along the crest of the hill and chosen an exit alternative, that may or may not have been safer under the circumstances, or waited in line behind the crowd is a question of fact for the jury. Accordingly, summary judgment was not proper in this case.

Reversed and remanded.

Judges WYNN and McGEE concur.