SUZANNE M. LORINOVICH AND HUSBAND DAVID A. LORINOVICH, PLAINTIFFS v.
K MART CORPORATION, DEFENDANT

No. COA98-1038

(Filed 6 July 1999)

**1. Premises Liability— cans stacked above store shelf—summary judgment**

The trial court erred by granting summary judgment for defendant in a negligence action which arose from salsa cans hitting plaintiff-Ms. Lorinovich in the face as she reached for cans stacked on the top shelf. Plaintiff was a lawful visitor and, under *Nelson v. Freeland*, 349 N.C. 615, defendant owed her a duty to exercise reasonable care; there is a genuine issue of fact as to whether a reasonably prudent person would stack unsecured 16-ounce cans of salsa on shelves six feet off the floor, with no ladders or personnel available to assist customers in obtaining the salsa and no warnings of the likely danger involved in reach-

**LORINOVICH v. K MART CORP.**

[134 N.C. App. 158 (1999)]

ing for the cans, knowing that other people had been injured when cans had been stacked on shelves higher than eye level and that it was store policy not to stack items that high unless secured.

**2. Premises Liability— cans falling from store shelf—obvious danger**

Summary judgment for defendant was improper in an action arising from an injury suffered by plaintiff-Ms. Lorinovich when salsa cans fell from a shelf and struck her in the face and defendant contended that the display of salsa cans presented an obvious danger. There is no duty to protect a lawful visitor against dangers which are either known or so obvious and apparent that they may reasonably be expected to be discovered, but the occupier of land is not absolved from liability when a reasonable occupier of land should anticipate that a dangerous condition will likely cause harm to the lawful visitor, notwithstanding the known and obvious danger. The obviousness of the danger is some evidence of contributory negligence.

**3. Premises Liability— contributory negligence—cans falling from store shelf**

The trial court erred by granting summary judgment for defendant in action arising from an injury suffered by plaintiff when cans of salsa fell from a store shelf and struck her in the face. Although defendant contended that plaintiff was contributorily negligent in attempting to remove the cans from the top shelf, there is a genuine issue of material fact as to whether a reasonable person under the circumstances would have waited until she obtained assistance.

Appeal by plaintiffs from order filed 26 May 1998 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 April 1999.

*Richard F. Harris, III, for plaintiff-appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen C. Smith and Leslie G. Martell, for defendant-appellee.*

GREENE, Judge.

Suzanne M. Lorinovich (Plaintiff) and David A. Lorinovich (Plaintiff husband) appeal from the trial court's order granting K Mart Corporation's (Defendant) motion for summary judgment.

**LORINOVICH v. K MART CORP.**

[134 N.C. App. 158 (1999)]

Plaintiffs' complaint alleges Defendant was negligent in creating an unsafe condition by its method of stacking cans on a shelf over six feet high when it knew or should have known that the cans stored overhead might fall on a customer reaching for the merchandise. Plaintiff seeks damages for personal injury and Plaintiff husband seeks damages for loss of consortium. Defendant answered and denied it was negligent in any way, and if it had been negligent, Plaintiff's contributory negligence was a bar to recovery. On 15 January 1997, Defendant moved for summary judgment.

The undisputed evidence at the summary judgment hearing shows that on 19 May 1993, Plaintiff was shopping in the grocery department of Defendant's store for K&W Salsa. In the grocery department there were rows of shelves. The shelves on each row were stacked to a height of six feet, higher than the shelves at other stores in the area. On the top shelf on aisle four, Defendant had stacked sixteen-ounce cans of salsa on top of each other.

Before attempting to obtain the salsa, Plaintiff looked and did not see any ladders or personnel in the area. Because of her height of five feet and four inches, Plaintiff's reach was not sufficient to obtain a firm grasp on the can of salsa. In trying to retrieve the can, Plaintiff dislodged other adjoining cans, causing four or five of them to fall on top of her. One can hit her in the face and caused a laceration, which bled profusely, bruised her to the bone, and required nineteen stitches.

Defendant's store policy was to provide assistance to those needing help in retrieving merchandise off of the shelves and to securely fasten any merchandise displayed above eye level. The salsa cans were stacked above eye level and were not securely fastened.

There was evidence of seven prior incidents, from 1992 through April 1993, of "falling merchandise" injuring customers at the store. Five months before Plaintiff's injuries, another customer, Beth Parrish (Parrish), was injured in Defendant's store when she attempted to obtain a can of green beans stacked on a shelf six feet in height. As she reached for the green beans, other cans fell on top of her. At the time of the Parrish injury, an employee of Defendant completed an accident report describing her injuries as having been caused by "canned goods stacked too high for customer."

---

The dispositive issues are whether: (I) genuine issues of material fact exist as to Defendant's negligence in causing Plaintiff's injuries;

and (II) genuine issues of material fact exist as to Plaintiff's contributory negligence.

I

*Negligence*

[1] Traditionally in North Carolina, the standard of care a real property owner or occupier owed to an entrant depended on whether the entrant was an invitee, licensee, or trespasser. *Newton v. New Hanover County Bd. of Education,* 342 N.C. 554, 559, 467 S.E.2d 58, 63 (1996). The liability of the owner to an invitee was founded "upon the principles on which the law of negligence is predicated." *Bohannon v. Stores Company, Inc.,* 197 N.C. 755, 759, 150 S.E. 356, 358 (1929). Thus, the landowner had a duty to "exercise reasonable care to provide for the safety" of the invitee. *Id.; Nelson v. Freeland,* 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998) (landowner owed "duty of reasonable care" to invitee), *reh'g denied,* 350 N.C. 108, —— S.E.2d —— (1999). This required the landowner to take reasonable precautions to ascertain the condition of the property *and* to either make it reasonably safe or give warnings as may be reasonably necessary to inform the invitee of any foreseeable danger. *See Williams v. Stores Co., Inc.,* 209 N.C. 591, 596, 184 S.E. 496, 499 (1936); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 61, at 425-26 (5th ed. 1984) [hereinafter *Prosser and Keeton on Torts*]; Restatement (Second) of Torts § 343 cmt. b & d (1965). The landowner's duty to a licensee was less than the duty of reasonable care; it was simply to refrain from causing any willful injury and from recklessly exposing the licensee to danger. *McCurry v. Wilson,* 90 N.C. App. 642, 645, 369 S.E.2d 389, 392 (1988).

In *Nelson,* our Supreme Court eliminated the distinctions between licensees and invitees, and established "a standard of reasonable care toward all lawful visitors." *Nelson,* 349 N.C. at 631-32, 507 S.E.2d at 892 (adopting "a true negligence standard"). Thus the landowner now is required to exercise reasonable care to provide for the safety of all lawful visitors on his property, the same standard of care formerly required only to invitees. Whether the care provided is reasonable must be judged against the conduct of a reasonably prudent person under the circumstances. *Bolkhir v. N.C. State Univ.,* 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).

In this case, Plaintiff was a lawful visitor on Defendant's premises and thus Defendant owed her a duty to exercise reasonable care to provide for her safety. This required Defendant to take reasonable

precautions to ascertain the condition of the property *and* to either make it reasonably safe or give warnings as may be reasonably necessary to inform the invitee of any foreseeable danger. Our review of the evidence reveals a genuine issue of fact as to whether a reasonably prudent person, armed with knowledge that other people had been injured in the store when cans had been stacked on shelves higher than eye level and armed with knowledge that it was store policy not to stack items higher than eye level unless secured, would stack, unsecured, sixteen-ounce cans of salsa on shelves six feet off the floor, with no ladders or personnel available to assist the customers in obtaining the salsa from the shelf and with no warnings of the likely danger involved in reaching for the cans. *See Williams v. Walnut Creek Amphitheater Partnership*, 121 N.C. App. 649, 652, 468 S.E.2d 501, 503, (prior incidents of injury to patrons are proper to consider in determining breach of duty), *disc. review denied*, 343 N.C. 312, 471 S.E.2d 82 (1996). Contributing to this issue of fact is the evidence that other stores in the area did not stack their merchandise as high as Defendant stacked its merchandise. *Leggett v. Thomas & Howard Co., Inc.*, 68 N.C. App. 710, 712, 315 S.E.2d 550, 552 (quoting *Prosser and Keeton on Torts* § 33, at 166) (custom in the community is relevant to show the standard of care), *disc. review denied*, 311 N.C. 759, 321 S.E.2d 137 (1984).

[2] Even if the precautions necessary to protect Plaintiff from harm were not taken by Defendant, it contends there can be no liability because the displaying of the salsa cans six feet from the floor presents an obvious danger. As a general proposition, there is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered.[1] *Wrenn v. Convalescent Home*, 270 N.C. 447, 448, 154 S.E. 2d 483, 484 (1967); *see* 62 Am. Jur. 2d *Premises Liability* § 147 (1990) (owner liable only if condition known or should have been known by him and not known or should not have been known by the injured visitor). When a reasonable occupier of land should anticipate that a dangerous condition will likely cause physical harm to the lawful visitor, notwithstanding its known and obvious danger, the occupier of the land is not absolved from liability.[2] *Southern*

---

1. Although this "no duty" rule for obvious dangers "bears a strong resemblance to the doctrine of contributory negligence," 62 Am. Jur. 2d *Premises Liability* § 149 (1990), it in fact negates the defendant's duty of care and eliminates any occasion for reliance on the defense of contributory negligence.

2. In those instances where the landowner retains a duty to the lawful visitor even though an obvious danger is present, the obvious nature of the danger is some evidence

**LORINOVICH v. K MART CORP.**

[134 N.C. App. 158 (1999)]

*Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 673, 294 S.E.2d 750, 755, *disc. review denied*, 307 N.C. 270, 299 S.E.2d 215 (1982). In this case, assuming the salsa display presented an obviously dangerous condition, which itself is a question of fact, there is evidence that would support a conclusion that Defendant should have anticipated that its customers could be injured from this type of display. *See Williams*, 121 N.C. App. at 652, 468 S.E.2d at 503-04. Accordingly, summary judgment for Defendant on this issue was improper.

## II

### *Contributory Negligence*

[3] Defendant contends that even if it were negligent in displaying the salsa six feet from the floor, and even if any danger in the display was obvious and a reasonable landowner would have anticipated any harm to a customer, Plaintiff was contributorily negligent in attempting to remove the can of salsa from the top shelf because she had to recognize before reaching for the can that it was beyond her reach and she nonetheless reached without asking for assistance. We disagree. There is a genuine issue of material fact regarding Plaintiff's contributory negligence. Whether a reasonable person under the circumstances would have waited until she obtained assistance from Defendant's personnel or asked for assistance from a fellow shopper are questions for the jury in this case.

Accordingly, summary judgment was not proper and must be reversed. N.C.G.S. § 1A-1, Rule 56(c) (1990).

Reversed and remanded.

Judges MARTIN and McGEE concur.

---

of contributory negligence on the part of the lawful visitor. If contributory negligence were found, it would bar recovery.