LEVINSON, Judge.
Plaintiff (Mary Ellen Brust) appeals from a superior court order granting summary judgment in favor of defendant (Ice Ventures, doing business as the Ice House). We affirm.
On the evening of 8 September 2001, plaintiff was ice skating with her family at defendant's skating rink in Cary, North Carolina. Plaintiff fell while she was skating and suffered a basal skull fracture and permanent disability. Seeking damages for her injury, she brought a negligence action against defendant.
Plaintiff has no recollection of the fall due to her injury, and she has not located anyone who actually witnessed her fall. She was seen skating in the center of the ice with her daughter just prior to the accident. According to members of plaintiff's family present at the rink, a group of teenage boys were engaging in rambunctious behavior in the period of time before the accident. Her husband and son indicated that, after plaintiff fell, a teenage boy was standing nearby and stated several times, "I'm sorry. I'm so sorry." Plaintiff's husband and son offered only a very general description of the teenager, and neither identified the boy as one of the teenagers who had been engaging in horseplay on the ice. Moreover, there is no evidence that anyone witnessed the teenager, or anyone else, collide with plaintiff.
Plaintiff was prepared to offer evidence that there were seventy-five skaters on the ice the night she fell and that defendant had not assigned an employee to be on "ice patrol" to monitor customer safety. Defendant had a policy of tasking an employee with this responsibility when a sufficient number of skaters were on the ice, and had posted an employee on ice patrol when there were as few as thirty to forty patrons skating. Defendant's employee, Ashley Nyborg, testified in a deposition that, when customers congregate in the center of the ice, the employee on ice patrol will instruct them to keep moving. Pursuant to the defendant's written safety rules, "figure skating is allowed only in the middle of the ice." Plaintiff also submitted the affidavit of Steve Bernheim, whom she expected to qualify as an expert witness. In the affidavit, Bernheim stated the following:
10. It is my professional opinion that [defendant] was negligent in not having a rink guard on the ice surface during a public session. This is the standard of care designated by the Ice Skating Institute of America. The employees that were present that sometimes served as rink guards were not sufficiently trained in safety factors, in rink guard operation, nor were they given complete video training and written tests as prescribed by the Ice Skating Institute. None of these procedures was adhered to. [Defendant] further failed to post warnings regarding the rules dealing with horse play on the rink surface and in the rink itself.
11. Based on the testimony of Ashley Nyborg, it appears [defendant] did not adhere to its own safety standards on the night of the accident in that there was no rink guard on duty, and plaintiff was permitted to stay in the center of the ice even though the [defendant's] policy was to keep skaters out of that area during public skating.
12. It has been alleged that numerous youngsters were skating on the ice in and out of various gates on the dasher boards. This is the type of horseplay that could have and should have been stopped by a properly trained rink guard.
Bernheim's affidavit does not offer any evidence concerning whether plaintiff's fall was caused either by the alleged horseplay on the ice or by her skating in the center of the ice.
On 15 July 2003 defendant moved for summary judgment on the grounds that plaintiff failed to produce evidence that it had been negligent or that there was a causal connection between any alleged negligence and plaintiff's injuries. By an order entered 27 October 2003, the trial court granted defendant's motion forsummary judgment and dismissed plaintiff's complaint with prejudice. From this order, plaintiff appeals.
This Court reviews a trial court's grant of summary judgment de novo. Shroyer v. County of Mecklenburg, 154 N.C. App. 163, 167, 571 S.E.2d 849, 851 (2002). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact. DeWitt v. Eveready Battery Co., 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). "This burden may be met 'by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.'" Id. (quoting Collingwood v. General Elec. Equities, Inc., 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). If the moving party satisfies its burden, then the burden shifts to the non-moving party to "'produce a forecast of evidence demonstrating that [it] will be able to make out at least a prima facie case at trial'". Id. (quoting Collingwood, 324 N.C. at 66, 376 S.E.2d at 427). The evidence must be viewed in the light most favorable to the non-moving party, and "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant." Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).
Applying these principles in the case at bar, we conclude that defendant satisfied its burden to show that plaintiff's claim lacked an essential element, but that plaintiff did not meet her burden to then forecast evidence establishing a prima facie case of negligence. To establish a prima facie case of negligence, a plaintiff must have evidence that defendant owed her a duty of care, that defendant's conduct breached that duty, that the breach was the actual and proximate cause of plaintiff's injury, and that she suffered damages resulting from the negligently caused injury. See Lamm v. Bissette Realty, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990).
Owners and operators of land are under a duty to act with reasonable care towards all lawful visitors. Nelson v. Freeland, 349 N.C. 615, 631-32, 507 S.E.2d 882, 892 (1998). This duty is breached when the landowner does not take reasonable precautions to ascertain the condition of the property and does not either make it reasonably safe or give warnings as may be reasonably necessary to inform a lawful visitor of any foreseeable danger. Lorinovich v. K-Mart Corp., 134 N.C. App. 158, 161-62, 516 S.E.2d 643, 646 (1999). For a defendant to be liable, its negligent conduct must be the actual and proximate cause of damages to the plaintiff. Adams v. Mills, 312 N.C. 181, 192-93, 322 S.E.2d 164, 172 (1984).
In the instant case, the parties apparently agree defendant owed a duty to plaintiff; however, the parties disagree as towhether defendant breached this duty and whether any alleged breach was the actual cause of plaintiff's damages. We need not address the issue of whether defendant was negligent because, even assuming arguendo that plaintiff's evidence establishes duty and breach, the record is bereft of any evidence tending to support a causal nexus between defendant's allegedly negligent conduct and plaintiff's damages. Specifically, there is no evidence tending to show how or why plaintiff fell on the ice or what caused this fall.
Plaintiff asserts that defendant was negligent in failing to post an employee on ice patrol to prevent dangerous behavior on the ice. As evidence that this allegedly negligent conduct caused her damages, plaintiff offered the sworn statements by her husband and son which indicate that a teenage boy was near plaintiff, apologizing, after she fell. However, even if these statements by the teenager were admitted at trial, they do not establish a causal nexus between the defendant's alleged negligence and plaintiff's injury. Indeed, this evidence still leaves to conjecture the question of what happened to cause plaintiff to fall. Stated differently, a jury would have to speculate not only about exactly what the boy was doing immediately before the plaintiff fell, but also about whether the boy, in fact, knocked plaintiff down while engaging in rambunctious behavior. Knowing how the plaintiff fell - and what role, if any, the teenage boy had on her fall - are necessary to establish how the alleged negligence, failure to post an employee on ice patrol, caused the plaintiff's damages. Given the lack of information about how plaintiff fell, the currentrecord is devoid of evidence that supports an inference that a rink guard could have prevented the fall. Accordingly, the statement by the teenage boy does not establish that an act or omission by defendant caused plaintiff's damages.
Plaintiff further asserts that defendant has a policy of discouraging skating in the center of the ice for safety reasons such that defendant was negligent in failing to warn her against skating in the center of the ice. Though there is evidence that plaintiff had skated near the center of the rink prior to the accident, there is no evidence linking defendant's alleged negligence to plaintiff's injuries. As already indicated, the evidence does not indicate how or why plaintiff fell. Specifically, the evidence does not permit an inference that her fall had anything to do with her being near the center of the ice prior to her fall. As such, plaintiff has failed to produce evidence tending to show that her fall was causally related to defendant's alleged negligence in failing to warn her not to skate in the center of the ice.
In her brief, plaintiff also suggests that the opinion by her proffered expert witness, Steve Berheim, raises an issue of fact as to whether defendant's alleged negligence caused her to fall. Bernheim opined that defendant was negligent in failing to post a rink guard and that defendant apparently violated its own safety rules in not warning plaintiff against skating in the center of the ice. Again, however, neither Berheim's affidavit nor any other evidence in the record establishes what in-fact caused plaintiff tofall. As such, Berheim's testimony does not enable plaintiff to survive defendant's motion for summary judgment.
Because plaintiff produced no evidence tending to link defendant's alleged negligence to her fall and the resulting damages, she failed to establish a prima facie case of negligence. The trial court properly entered summary judgment in defendant's favor. This assignment of error is overruled.
Affirmed.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).