**WADDELL v. METROPOLITAN SEWERAGE DIST. OF BUNCOMBE CNTY.**

[207 N.C. App. 129 (2010)]

TIMOTHY R. WADDELL, Individually and as Administrator of the ESTATE of JILL J. WADDELL, deceased, and WILLIAM WAYNE JAMESON, as Guardian ad litem of EMILY WADDELL, a minor child, and REID WADDELL, a minor child, Plaintiffs v. METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, TYCOLE ENTERPRISES, LLC, CIVIL DESIGN CONCEPTS, P.A., JUDITH W. DAWKINS, REALTY EXECUTIVES WNC, INC., KEITH VINSON, and WAIGHTSTALL MOUNTAIN, LLC, Defendants

No. COA09-620-2

(Filed 7 September 2010)

**1. Costs— appeal—taxed against plaintiffs' counsel—failure to submit complete record**

The costs of plaintiffs appeal from the trial court's order granting summary judgment in favor of two defendants was taxed against plaintiffs' counsel, personally. Plaintiffs' counsel failed to include in the record on appeal the orders of the trial court disposing of plaintiffs' claims against the other defendants to show that the orders granting summary judgment in favor of defendant-appellees were final judgments.

**2. Negligence— contributory negligence—summary judgment proper**

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' negligence claim arising out of a fatal sledding accident. The evidence presented at the summary judgment hearing clearly established that plaintiffs' decedent was contributorily negligent in sledding down a hill and colliding with an open and obvious above-ground manhole.

Appeal by plaintiffs from orders entered 7 and 8 October 2008 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 4 November 2009. Opinion filed 22 December 2009. Motion to amend record on appeal and withdraw opinion allowed. The following opinion supersedes and replaces the opinion filed 22 December 2009.

*Motley Rice LLC, by John D. Hurst; and Wallace and Graham, P.A., by Michael B. Pross, for plaintiff-appellants.*

*Little & Little, PLLC, by Cathryn M. Little, for defendant-appellee Metropolitan Sewerage District of Buncombe County.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by W. James Johnson and Matthew W. Kitchens for defendant-appellee Civil Design Concepts, P.A.*

STEELMAN, Judge.

Where the evidence presented at the summary judgment hearing clearly established that Ms. Waddell was contributorily negligent in sledding down a hill and colliding with an open and obvious above-ground manhole, the trial court did not err in granting summary judgment in favor of MSD and CDC.

## I. Factual and Procedural Background

On 30 November 2004, Timothy and Jill Waddell purchased a home in Arden, Buncombe County, North Carolina. Following a snowfall of approximately three inches on 29 January 2005, Ms. Waddell went outside with her children to play in the snow, using an inner tube to slide down a 100 to 150 foot hill. The inner tube used by Ms. Waddell rotated, resulting in her going down the hill backwards. She collided with a sewer manhole that was elevated approximately one and a half feet above ground on the uphill side and approximately two and a half feet above the ground on the downhill side, and suffered injuries resulting in her death.

On 30 December 2005, Timothy Waddell, individually and as Administrator of the Estate of Jill Waddell, and William Jameson as Guardian *ad litem* of Emily and Reid Waddell (collectively, plaintiffs) filed this action seeking monetary damages as a result of the death of Ms. Waddell. A second amended complaint was filed on 23 January 2007. The complaint alleged negligence and gross negligence against numerous defendants based upon a variety of legal theories as follows: (1) Metropolitan Sewerage District of Buncombe County (MSD) for negligence in the design and approval of the sewer, failing to maintain its sewer easement in a safe condition, and failing to warn of and conceal the manhole that protruded two and a half feet above the ground; (2) TyCole Enterprises, LLC, for negligence in the design and implementation of the grading of the area; (3) Waightstill Mountain, LLC and Keith Vinson for negligence in the development of the subdivision, and in the hiring and supervising of the design and installation of the manhole; (4) Civil Design Concepts, P.A. (CDC) for negligence in the design and engineering resulting in a manhole that protruded two and a half feet above the ground and for failing to warn of the dangerous condition; (5) Judith Dawkins for negligence as a realtor for failure to

warn as to the dangers of the manhole that protruded two and a half feet above the ground; and (6) Realty Executives WNC, Inc. for negligence based upon the conduct of Judith Dawkins. Plaintiffs also alleged claims for wrongful death, negligent infliction of emotional distress, nuisance, punitive damages, and equitable relief.[1]

On 3 September 2008, MSD moved for summary judgment on all liability issues. That same day, all defendants filed a joint motion for summary judgment based upon plaintiff's contributory negligence. On 10 September 2008, CDC separately moved for summary judgment. On 7 and 8 October 2008, the trial court granted summary judgment in favor of CDC and MSD, respectively. Plaintiffs appealed.

The record on appeal failed to contain any orders or dismissals which established that McGill Associates, P.A., Hutchinson-Biggs & Associates, Inc., T & K Utilities, Inc., Design Associates, and Waightstill Mountain Property Owners Association, Inc. had been dismissed from the case. The record also failed to contain any ruling as to the joint motion for summary judgment with regards to TyCole Enterprises, LLC, Judith Dawkins, Realty Executives WNC, Inc., Keith Vinson, and Waightstill Mountain, LLC. Consequently, this Court dismissed the appeal as interlocutory because the orders granting summary judgment in favor of MSD and CDC did not dispose of all the claims and defendants, leaving further matters for resolution by the trial court. Plaintiffs made no argument as to the existence of a substantial right and the record did not contain a Rule 54(b) certification.

On 11 January 2010, plaintiff filed a motion to amend the record on appeal to include the orders of the trial court disposing of the claims against the remaining defendants to show that the orders granting summary judgment in favor of CDC and MSD were final judgments. We allow this motion to amend to include in the record the orders voluntarily dismissing McGill Associates, P.A., Hutchinson-Biggs & Associates, Inc., T & K Utilities, Inc., Design Associates, and Waightstill Mountain Property Owners Association, Inc., and the orders granting summary judgment in favor of TyCole Enterprises, LLC, Judith Dawkins, Realty Executives, Keith Vinson, and Waightstill Mountain, LLC.

[1] "It is the duty of the appellant to ensure that the record is complete." *Hicks v. Alford*, 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003). Rule 9(a)(1)(j) of the North Carolina Rules of Appellate Procedure provides

---

1. Plaintiffs make no arguments as to these claims on appeal.

that the record on appeal in civil actions shall contain "copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all issues presented on appeal unless they appear in the verbatim transcript of proceedings . . . ." N.C.R. App. P. 9(a)(1)(j). Because plaintiffs' counsel violated this rule, in our discretion, we tax the costs of this appeal against plaintiffs' counsel, personally. Plaintiffs' counsel could have avoided this confusion by: (1) including prior dismissals as to certain parties and prior orders of the court dismissing other parties in the original record on appeal; and (2) reciting in the procedural history of the case that their claims against all other parties had been dismissed.

## II. Standard of Review

The standard of review on a trial court's ruling on a motion for summary judgment is *de novo. Forbis v. Neal,* 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). The entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Collingwood v. G.E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted). In a negligence action, summary judgment for defendant is proper "where the evidence fails to show negligence on the part of defendant, or where contributory negligence on the part of plaintiff is established, or where it is established that the purported negligence of defendant was not the proximate cause of plaintiff's injury." *Hale v. Power Co.,* 40 N.C. App. 202, 203, 252 S.E.2d 265, 267 (citation omitted), *disc. review denied,* 297 N.C. 452, 256 S.E.2d 805 (1979).

## III. Alleged Negligence of MSD and CDC

[2] In their first argument, plaintiffs contend that the trial court erred by granting summary judgment in favor of MSD and CDC because there were genuine issues of material fact regarding their negligence.

Plaintiffs argue that MSD and CDC were negligent by breaching the applicable standard of care by elevating the manhole eighteen inches above the grade.

## Standard of Care

In order to establish negligence on the part of MSD or CDC, plaintiffs must establish: "(1) the nature of the defendant's profession; (2) the defendant's duty to conform to a certain standard of conduct; and (3) a breach of the duty proximately caused injury to the plaintiffs." *Associated Indus. Contr'rs, Inc. v. Fleming Eng'g, Inc.*, 162 N.C. App. 405, 413, 590 S.E.2d 866, 872 (2004), *aff'd*, 359 N.C. 296, 608 S.E.2d 757 (2005).

> The standard of care provides a template against which the finder of fact may measure the actual conduct of the professional. The purpose of introducing evidence as to the standard of care in a professional negligence lawsuit "is to see if this defendant's actions 'lived up' to that standard . . . ." *Little v. Matthewson*, 114 N.C. App. 562, 567, 442 S.E.2d 567, 570 (1994), *aff'd per curiam*, 340 N.C. 102, 455 S.E.2d 160 (1995). Ordinarily, expert testimony is required to establish the standard of care. *Bailey v. Jones*, 112 N.C. App. 380, 387, 435 S.E.2d 787, 792 (1993).

*Id.* at 410, 590 S.E.2d at 870.

## Reason for Elevated Manhole

The original plans for the design of the manhole provided that it be at ground level. However, Daniel Cook, MSD's inspector, testified that "[d]uring the time of the inspection, the slope of the land was such that [he] was afraid the manhole would get covered up by erosion or grading or some activity." Cook further stated that "[a]t the time of inspection on the uphill side of the manhole, the ground was encroaching on the lid." Cook explained that if the manhole got covered with leaves, dirt, or other debris, that it would cause a problem because they would be unable to locate the manhole. Based upon this assessment, MSD's inspector ordered the manhole be elevated.

## Plaintiffs' Expert Testimony

Plaintiffs had a total of three experts who were deposed on the question of whether MSD or CDC breached the applicable standard of care by elevating the manhole above grade. A review of these depositions shows that plaintiffs' expert testimony about whether MSD and CDC breached the applicable standard of care was equivocal, at best. Even assuming *arguendo* that MSD and CDC were negligent, plaintiffs' claims fail because Ms. Waddell was contributorily negligent in sledding down the hill as discussed *infra*.

**WADDELL v. METROPOLITAN SEWERAGE DIST. OF BUNCOMBE CNTY.**

[207 N.C. App. 129 (2010)]

## Maintenance and Duty to Warn

Plaintiffs alternatively argue that MSD was negligent by failing to maintain the premises in a safe condition and warn the Waddells of the hazard created by the manhole.[2]

It is well-settled that owners and occupiers of land have a "duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998), *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999); *see also Green v. Duke Power Co.*, 305 N.C. 603, 611, 290 S.E.2d 593, 598 (1982) ("[T]he owner of the easement is the party to be charged with its maintenance.").

> "Reasonable care" requires that the landowner not unnecessarily expose a lawful visitor to danger and give warning of hidden hazards of which the landowner has express or implied knowledge. *Id.* (citing *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E.2d 559, 562 (1981)). *There is no duty to protect or warn, however, "against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered."* *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000), *affirmed*, 353 N.C. 445, 545 S.E.2d 210 (2001) (citing *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162, 516 S.E.2d 643, 646 (1999)). Moreover, a landowner is not required to warn of hazards of which the lawful visitor has "equal or superior knowledge." *Id.* (citation omitted).

*Bolick v. Bon Worth, Inc.*, 150 N.C. App. 428, 430, 562 S.E.2d 602, 604 (citation omitted), *disc. review denied*, 356 N.C. 297, 570 S.E.2d 498 (2002).

In the instant case, plenary evidence in the record established that the elevated manhole was an open and obvious condition. The manhole was approximately one and a half feet above ground on the uphill side and two and a half feet above the ground on the downhill side. The manhole was four feet in diameter. The Waddells had lived at the residence for approximately two months. Mr. Waddell testified that the manhole was visible from his back porch. The manhole was not surrounded or obscured by any trees or bushes. On the day of the accident it had snowed about three inches. Mr. Waddell testified that

---

2. Plaintiffs' complaint asserts this cause of action against CDC. However, plaintiffs make no argument on appeal as to CDC regarding any duty to warn.

on the day of the accident, as he stood on the edge of his backyard, his wife and the manhole were clearly visible.

MSD had no duty to warn Ms. Waddell of an open and obvious danger as to which Ms. Waddell had equal knowledge prior to the injury. *Id.* Even if MSD had breached a duty to warn, plaintiffs' claim against MSD on this basis would be precluded by Ms. Waddell's contributory negligence.

### Plaintiff's Contributory Negligence

Plaintiffs' claims are barred by Ms. Waddell's contributory negligence. It is a long-standing legal tenet that "[t]he law imposes upon a person *sui juris* the obligation to use ordinary care for his own protection, and the degree of such care should be commensurate with the danger to be avoided." *Rice v. Lumberton*, 235 N.C. 227, 236, 69 S.E.2d 543, 550 (1952). Where a person knows of or in the exercise of reasonable care, should be aware of a dangerous condition, and deliberately exposes themselves to that danger, that person is guilty of contributory negligence. *Taylor v. Walker*, 320 N.C. 729, 735, 360 S.E.2d 796, 800 (1987).

The facts in the case of *Grimsley v. Scott*, 213 N.C. 110, 195 S.E. 83 (1938), are virtually identical to those in the instant case. In *Grimsley*, the plaintiff was sitting on a sled with her young daughter in front of her, going down a steep incline, on slick ice. *Id.* at 112, 195 S.E. at 84. The defendant's vehicle was parked on a street 50 to 100 feet away and could be seen by the plaintiff. *Id.* There was a large street light over the street. *Id.* The plaintiff had a clear passageway on the street of 20 feet. The plaintiff went down the street at a rapid speed, hit the rear end of the defendant's car, and was injured. *Id.* Our Supreme Court held that the plaintiff's claims against the defendant were barred by contributory negligence. *Id.* at 113, 195 S.E. at 85.

In the instant case, as stated *supra*, the manhole was an open and obvious condition in Ms. Waddell's backyard. The manhole was stationary, positioned at the bottom of a 100-150 foot hill, and was clearly visible from the Waddells' back porch. The manhole was approximately one and a half feet above ground on the uphill side and two and a half feet above the ground on the downhill side. The manhole was four feet in diameter.

Further, Ms. Waddell disregarded the warning[3] written on the inner tube and chose to sled down the hill. Ms. Waddell knew that the manhole was at the bottom of the hill and that the inner tube was impossible to steer once it was in motion. As a result of her decision to sled down the hill, Ms. Waddell ran into the stationary manhole and subsequently died from her injuries.

This case is indistinguishable from *Grimsley* and based upon the rationale of that case, plaintiffs' claims against MSD and CDC are barred by Ms. Waddell's contributory negligence. Although plaintiffs correctly state that contributory negligence is not a bar to a plaintiff's recovery when the defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries, *Yancey v. Lea*, 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001), plaintiffs have failed to forecast any evidence that MSD and CDC were grossly negligent. The orders of the trial court are affirmed.

AFFIRMED.

Judges ELMORE and HUNTER, Jr. concur.

---

3. Warning, H-0! Attention Be aware of local rules and regulations regarding this product and its use. Also be familiar with rules of the product itself. Pay close attention and watch out for other riders. You cannot steer once in motion. For maximum safety, always wear protective equipment such as [a] helmet, goggles and gloves when riding. . . . Product may develop high speeds under certain snow conditions. *Always scout terrains for obstacles and sudden drops.* Never use product in a standing position. Failure to follow this rule may result in paralysis or other serious injury." (Emphasis added).