OVERTON v. EVANS LOGGING, INC.

[225 N.C. App. 74 (2013)]

WALTER T. OVERTON AND HATTIE OVERTON, PLAINTIFFS
v.
EVANS LOGGING, INC. F/K/A/, D/B/A, C.B. CARTER AND SONS, INC., EVANS
LOGGING, AND INTERNATIONAL PAPER COMPANY, DEFENDANTS

No. COA12-761

Filed 15 January 2013

**1. Appeal and Error—interlocutory orders—dismissal of only one defendant—substantial risk of inconsistent verdicts**

An order in a negligence case arising from a logging site accident did not dispose of the entire case and was interlocutory where the claim against only one of the defendants was dismissed. However, there was a substantial risk of inconsistent verdicts from separate trials and the appeal was heard on the merits.

**2. Premises Liability—logging site—debris and logs—no clear path across site**

The trial court improperly granted defendant Evans Logging's N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss a negligence claim arising from an accident at a logging site. Plaintiffs' complaint clearly stated that the condition of the logging site consisted of scattered logs and debris strewn about the entire logging site, with no path free of logs and debris for crossing the site. Whether plaintiff Walter Overton should have recognized the danger and acted in a different manner was a question for the jury.

Appeal by Plaintiffs from Order entered 13 March 2012 by Judge Quentin T. Sumner in Bertie County Superior Court. Heard in the Court of Appeals 14 November 2012.

*Whitley Law Firm, by Robert E. Whitley, Jr. and Ann C. Ochsner, and Golkow Hessel, LLC, by Daniel L. Hessel, for Plaintiff-appellants.*

*Teague Campbell Dennis & Gorham, LLP, by Bryan T. Simpson and Megan B. Baldwin, for Defendant-appellee.*

HUNTER, JR., Robert N., Judge.

Walter Overton and Hattie Overton ("Plaintiffs") appeal from the trial court's order dismissing their complaint for failure to state a claim upon which relief may be granted. We reverse.

## I. Factual & Procedural History

Plaintiff Walter Overton worked for Mobley Construction Company as a logging truck driver. Defendant International Paper Company ("International Paper") owned the timber rights to the trees at a logging site in Halifax County ("the logging site"). Defendant Evans Logging, Inc. ("Evans Logging") contracted with International Paper to remove the timber from the logging site.

On or about 8 December 2008, as a part of his employment, Mr. Overton attempted to get a loading ticket from Evans Logging while at the logging site. The logging site had "scattered logs and debris strewn about" and there was "no path for walking or other means to crossing the logging site free of logs and debris." In order to get his loading ticket from the Evans Logging employee who was issuing loading tickets, Mr. Overton was required to walk over the scattered logs and debris. While walking over the scattered logs and debris, Mr. Overton fell and sustained serious personal injuries.

Plaintiffs filed a complaint on 12 September 2011 against Evans Logging and International Paper alleging negligence and loss of consortium, and seeking punitive damages. On 13 October 2011, Defendant Evans Logging moved to dismiss the complaint pursuant to Rule 12(b)(6) of our Rules of Civil Procedure based on failure to state a claim upon which relief may be granted. In its motion, Defendant Evans Logging stated that any dangerous condition was open and obvious to Plaintiff Walter Overton and that there was therefore no duty by Evans Logging to protect or warn against any dangerous condition. Defendant International Paper filed its answer to the complaint on 17 January 2012, alleging, *inter alia*, contributory negligence by Plaintiff Walter Overton. On 27 February 2012, Evans Logging's motion to dismiss was heard in Hertford County Superior Court, the Honorable Quentin T. Sumner presiding. On 13 March 2012, the trial court granted Evans Logging's motion to dismiss with prejudice. Plaintiffs filed their notice of appeal on 26 March 2012.

## II. Jurisdiction

**[1]** "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Because the claims

against International Paper were not dismissed, the order in this case does not dispose of the entire case, and it is thus interlocutory.

Review for interlocutory appeals is available, however, from an order which affects a substantial right. N.C. Gen. Stat. § 7A-27(d)(1) (2011); *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999). Where common factual issues overlap between the appealed claim and any remaining claims, a substantial right exists to avoid two trials on the same fact issues, as two trials may result in inconsistent verdicts. *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989); *DeHaven v. Hoskins*, 95 N.C. App. 397, 399, 382 S.E.2d 856, 858 (1989).

In the present case, Plaintiffs have alleged negligence against both Evans Logging and International Paper in the same set of factual circumstances. Plaintiffs allege that both failed to maintain the logging site in a safe manner, failed to provide a safe alternative to the route Mr. Overton took or a safer process to deliver the documents, knew that requiring Mr. Overton to climb over the debris posed an unreasonable danger, and failed to exercise reasonable care in logging to prevent the condition the site was in. Plaintiffs additionally allege that International Paper breached its duty by failing to ensure Evans Logging performed its work properly and by hiring an incompetent subcontractor (Evans Logging).

Defendant Evans Logging contends that the claims against the two defendants are different and thus a substantial right is not affected. However, Plaintiffs have made many identical allegations against Evans Logging and International Paper. Plaintiffs allege negligence against both, and separate trials on the issue of negligence may result in inconsistent verdicts despite the fact pattern being the same. Because of the factual issues that overlap and the possibility of inconsistent verdicts, a substantial right exists to avoid two trials and we therefore proceed with consideration on the merits.

### III. Analysis

[2] Plaintiffs assert that the trial court improperly granted Defendant Evans Logging's motion to dismiss. We agree and reverse.

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*,

297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

In order to prove negligence in a premises liability case, the plaintiff must show either "(1) that the owner negligently created the condition causing the injury, or (2) that it negligently failed to correct the condition after notice, either express or implied, of its existence." *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967). Plaintiffs alleged both that Evans Logging caused the condition and that Evans Logging "knew or should have known" about the condition and did not correct the condition. Defendant Evans Logging, however, contends that because any alleged dangerous condition was open and obvious to Plaintiff Walter Overton, Plaintiffs failed to state a claim upon which relief may be granted.

There is ordinarily no duty to warn of an open and obvious condition. *S. Ry. Co. v. ADM Milling Co.*, 58 N.C. App. 667, 673, 294 S.E.2d 750, 755 (1982). However, "[w]hen a reasonable occupier of land should anticipate that a dangerous condition will likely cause physical harm to [a visitor], notwithstanding its known and obvious danger, the occupier of the land is not absolved from liability." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162, 516 S.E.2d 643, 646 (1999); *see also Martishius v. Carolco Studios, Inc.*, 142 N.C. App. 216, 223, 542 S.E.2d 303, 308 (2001) ("If a reasonable person would anticipate an unreasonable risk of harm to a visitor on his property, notwithstanding the lawful visitor's knowledge of the danger or the obvious nature of the danger, the landowner has a duty to take precautions to protect the lawful visitor."), *aff'd*, 355 N.C. 465, 562 S.E.2d 887 (2002).

In *Lorinovich*, the plaintiff was in the defendant's grocery department and reached for a can of salsa which was six feet above the floor. 134 N.C. App. at 160, 516 S.E.2d at 645. This Court found that "assuming the salsa display presented an obviously dangerous condition, which itself is a question of fact, there is evidence that would support a conclusion that [the d]efendant should have anticipated that its customers could be injured from this type of display," and thus summary judgment was improper. *Id.* at 163, 516 S.E.2d at 646-47.

If the condition is such that it "cannot be negotiated with reasonable safety even though the [plaintiff] is fully aware of it," it may be found that "obviousness, warning or even knowledge is not enough." *S. Ry. Co.*, 58 N.C. App. at 673, 294 S.E.2d at 755 (quotation marks and citations omitted). In *Southern Railway*, the plaintiff's employee was working on the defendant's property when he slipped and fell on some feed from the defendant's plant. *Id.* at 674, 294 S.E.2d at 755. Our Court found that the defendant knew that the employee had no choice but to encounter the obvious dangerous conditions and that "[w]hether [the] defendant's failure to take additional precautions for the employee's safety was reasonable under these circumstances was for the jury to determine." *Id.* at 675-76, 294 S.E.2d at 756-57.

In the present case, Plaintiffs alleged that Defendant Evans Logging "[k]new or should have known through reasonable inspection or the exercise of reasonable care that requiring Plaintiff Walter Overton to climb over logs and other debris posed an unreasonable danger to Plaintiff Walter Overton and others on the logging site." Taking the allegations of the complaint as admitted, Defendant Evans Logging should have anticipated a dangerous condition that would cause physical harm to its visitor and should have known that the conditions could not be negotiated with reasonable safety. *See Stanback*, 297 N.C. at 185, 254 S.E.2d at 615.

Defendant Evans Logging acknowledges that there is a duty where there is an unreasonable risk of harm or "it is to be expected that he will nevertheless proceed to encounter [the hazard]." *S. Ry. Co.*, 58 N.C. App. at 673, 294 S.E.2d at 755. However, Evans Logging argues that the case law only applies where a plaintiff has no other choice but to encounter the hazard and contends that Plaintiffs did not allege that there was no alternative path.

However, Plaintiffs' complaint clearly states that "[t]he condition of the logging site consisted of scattered logs and debris strewn about the entire logging site, *leaving no path for walking or other means to crossing the logging site free of logs and debris.*" (Emphasis added.) Defendant Evans Logging is free to argue at trial that other paths were available to Plaintiff Walter Overton, but the complaint clearly alleges that there was no other path and that the conditions were such "as to require all persons to walk over scattered logs and debris." Because Plaintiffs made sufficient allegations, the trial court was incorrect in dismissing the complaint for failure to state a claim, and we therefore reverse and remand to the trial court.

We note that in cases where "the landowner retains a duty to the lawful visitor even though an obvious danger is present, the obvious nature of the danger is some evidence of contributory negligence on the part of the lawful visitor" that if found would bar recovery. *Lorinovich*, 134 N.C. App. at 162-63, 516 S.E.2d at 646. Contributory negligence is ordinarily a question for the jury. *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 418, 395 S.E.2d 112, 116 (1990). Whether Plaintiff Walter Overton should have recognized the danger and acted in a different manner is a question of fact for the jury. *See Williams v. Walnut Creek Amphitheater P'ship*, 121 N.C. App. 649, 652, 468 S.E.2d 501, 504 (1996).

## IV. Conclusion

For the foregoing reasons, the order of the trial court is

REVERSED AND REMANDED.

Judges HUNTER, Robert C. and CALABRIA concur.